IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02340-BNB

ROBERT BRANTNER,

Applicant,

v.

RON LAYBA (Warden), and
ATTORNEY GENERAL OF THE STATE OF COLO. MR. JOHN SUTHERS,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Robert Brantner, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado. Mr. Brantner filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted documents were deficient. Therefore, on November 7, 2007, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Brantner to cure certain deficiencies in the case within thirty days if he wished to pursue his claims. Specifically, Magistrate Judge Boland informed Mr. Brantner that he had failed to submit a prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) and that the habeas corpus application he submitted was missing pages four, six, and eight. Magistrate Judge Boland directed the clerk of the Court to mail to Mr. Brantner copies of the Court-

approved forms for filing a prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 so that he could cure these deficiencies.

On November 28, 2007, Mr. Brantner submitted the $5.00 filing fee. Therefore, the *in forma pauperis* motion will be denied as moot. Also on November 28, Mr. Brantner submitted what appears to be an amended application.

The Court must construe liberally the habeas corpus application and the amended application because Mr. Brantner is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Brantner will be ordered to file a second amended application.

The Court has reviewed the amended application and finds that the amended application is deficient. Mr. Brantner's amended application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. **See** Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken

2

together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Brantner's amended application appears to be an attempt to supplement the application he originally filed. The amended application contains pages four, six, and eight missing from the application he originally filed, as well as additional documents pertinent to his state court proceedings. Mr. Brantner apparently expects the Court to piece together the information he has provided. However, it is Mr. Brantner's responsibility to edit and organize his claims and supporting allegations into a manageable format and to present those claims in clear and succinct manner. Neither the defendants nor the Court is required to do this work for him.

Mr. Brantner will be directed to file on the proper, Court-approved form a second amended application that complies with Fed. R. Civ. P. 8. The second amended application Mr. Brantner will be directed to file must allege clearly in one, cohesive document all the federal claims he wants to assert and the relief he seeks. Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* on appeal is denied as moot. It is

FURTHER ORDERED that Mr. Brantner file **within thirty (30) days from the date of this order** a second amended application that complies with this order. It is

FURTHER ORDERED that the second amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court, United States District Court for the District of

Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brantner, together with a copy of this order, two copies of the Court-approved form to be used in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Brantner fails within the time allowed to file a second amended application as directed, the application and the amended application will be denied, and the action will be dismissed without further notice.

DATED December 4, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02340-BNB

Robert Brantner
Prisoner No. 83609
FMCC - Unit A
PO Box 200
Cañon City, CO 81215- 0200

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 12/4/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk