IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02340-BNB

ROBERT BRANTNER,

Applicant,

v.

RON LAYBA (Warden), and
ATTORNEY GENERAL OF THE STATE OF COLO. MR. JOHN SUTHERS,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2008

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Plaintiff, Robert Brantner, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado. He initiated this action by submitting to the Court *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court reviewed the documents and determined they were deficient. Therefore, in an order filed on November 7, 2007, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Brantner to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The November 7, 2007, order pointed out that Mr. Brantner failed either to pay the $5.00 filing fee or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The November 7 order also pointed out that the habeas corpus application was missing pages four, six, and eight.

On November 28, 2007, Mr. Brantner paid the $5.00 filing fee. Also on November 28, he submitted what appeared to be an amended application.

On December 4, 2007, Magistrate Judge Boland ordered Mr. Brantner to submit within thirty days a second amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On December 27, 2007, Magistrate Judge Boland granted Mr. Brantner's request for an extension of time in which to submit the second amended application. On January 2, 2008, Mr. Brantner submitted a motion titled "Motion to Withdraw Writ," asking to withdraw his habeas corpus application or, alternatively, to dismiss the application without prejudice.

The Court must construe the January 2, 2008, motion liberally because Mr. Brantner filed the motion on his own behalf. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the January 2 motion liberally as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "an action may be dismissed by the [applicant] without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." No response has been filed by Respondents in this action. A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507.

In the liberally construed notice of voluntary dismissal, Mr. Brantner also asks the Court to return to him his original habeas corpus application and attached documents. The request will be denied. As Mr. Brantner was informed in the December 27, 2007, minute order granting him an extension of time in which to submit the second amended application, he should not submit to the Court any documents he may want copies of because the Court's electronic filing system does not allow the Court to maintain paper copies. Therefore, the Court is unable to provide him with his original 28 U.S.C. § 2254 application and attachments or free copies of that application and attachments. Mr. Brantner may obtain copies of the electronic documents in this action at a cost of fifty cents per page, to be paid in advance.

Also in the liberally construed notice of voluntary dismissal, Mr. Brantner requests that the $5.00 filing fee he paid in this action be applied to the new habeas corpus action he intends to initiate in the future. This request also will be denied. The clerk of the Court will, however, be directed to provide him with the copies he requests of the Court-approved form for filing a habeas corpus application so that he may initiate a new habeas corpus action in the future. Accordingly, it is

ORDERED that the motion titled "Motion to Withdraw Writ" that Applicant, Robert Brantner, submitted to and filed with the Court on January 2, 2008, is construed liberally as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is effective as of January 2, 2008, the date the liberally construed notice of dismissal was filed in this action. It is

FURTHER ORDERED that Mr. Brantner's request that the Court return to him his original habeas corpus application and attached documents is denied. It is

FURTHER ORDERED that Mr. Brantner's request that the $5.00 filing fee he paid in this action be applied to the new habeas corpus action he intends to initiate in the future is denied. It is

FURTHER ORDERED that the clerk of Court is directed to provide Mr. Brantner with two copies of the Court-approved form for filing a habeas corpus application so that he may initiate a new habeas corpus action in the future. It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED at Denver, Colorado, this 9 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02340-BNB

Robert Brantner
Prisoner No. 83609
FMCC - Unit A
PO Box 200
Cañon City, CO 81215- 0200

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/10/08

GREGORY C. LANGHAM, CLERK

By: _Angie_
Deputy Clerk